I respectfully dissent from the majority opinion because a review of the record in this case demonstrates the proposed annexation is unlawful.
The majority opinion relies upon Smith v. Granville Township Bd. of Trustees (1998), 81 Ohio St.3d 608, in guiding its analysis. However, in view of the facts of this case, the supreme court's opinion in Middletown v. McGee (1988), 39 Ohio St.3d 384, provides the more appropriate analytical tool.
In the context of obtaining an injunction against the annexation, appellants had the burden in the trial court to prove by clear and convincing evidence the following: (1) the annexation would adversely affect their legal rights or interests ; and (2) either (a) that there was prejudicial error in the proceedings before or in the findings of the Board or (b) that the Board's decision was unreasonable or unlawful. Middletown v. McGee, supra at 285-286. The majority opinion seems to focus upon the landowner's proof; however, this court's focus must be upon the evidence provided by the party opposing the annexation.
In remanding this case to the trial court in its antecedent opinion to the instant case, this court quoted a related case, viz., Olmsted Twp. Bd. of Trustees v. Berea (1999), 134 Ohio App.3d 688 (discretionary appeal not allowed, [2000], 87 Ohio St.3d 1489). A review of this court's original opinion in its entirety demonstrates citation to the related case was intended as a reminder to the trial court that pursuant to Middletown, the first prong of appellants' burden is not difficult to establish. In fact, appellants in this case provided clear and convincing evidence that their legal rights and interests adversely would be affected by annexation.
Trustee Stralka testified the annexation would necessitate changes to the master plan. Since the township had a pre- existing contract with the drafter of the plan, the township thus would be required to expend additional money in obtaining revisions. She further testified the township's ability to receive block grants would be diminished as a consequence of being required to develop another master plan. This type of additional expense and inconvenience is sufficient to constitute an adverse effect on [appellants'] contractual rights. Middletown, at 286. Moreover, the adjoining landowners also testified that additional vehicular and foot traffic in the annexed territory would impact their enjoyment of their land. Trustees of Harrison Twp. v. Anness (Sept. 20, 1995), Hamilton App. No. C-940271, unreported. This evidence was pertinent to appellants' burden of proof; hence, the general good of the territory test is inapplicable to it.
Furthermore, this court should consider whether the second prong of R.C. 709.07(D) was met. Appellants contend remand on this issue is appropriate; however, in my view enough evidence exists in the record to justify this court in simply entering judgment for appellants based upon Middletown. Clearly, an examination of the map submitted to the Board demonstrates the Board's decision was unlawful.
The majority opinion does not mention some extremely salient facts concerning the annexation proposed in this case which parallel not those in Smith but rather those faced by the supreme court in Middletown: only five percent of the land is contiguous with Berea, and the slim length of the annexation directly would intrude, as appellant describes it, like a finger from a hand into appellants' territory. Thus, the proposed annexation is not sufficiently adjacent to or contiguous with the annexing municipality but rather creates a strip, shoestring, subterfuge, corridor, and gerrymander annexation of the type frowned upon by Ohio courts. Id. at 287. Since the basic concept of a municipality is that of a unified body, this court must conclude the proposed annexation is unlawful. Therefore, the Board's decision is unreasonable and the trial court's decision is unsupported. Id. at 288.
Additionally, the parcel is irregular only in order to exclude an owner who did not desire annexation. In this way, Steven Rados attempted to forestall the problem faced by the statutory agent in Olmsted Twp. Bd. of Trustees, supra. See, Harrison Twp., supra. His ploy would create jurisdictional problems for appellant Olmsted Township's delivery of vital services to its citizens.
Moreover, it is clear from Steven Rados' testimony that he had no intention of enjoying his property following annexation but, rather, sought only his own self-interest. Id. He had no compunction, for example, about seeking to tie into Berea's water lines despite the fact that such a tie-in would require disturbing his brother's property, which would remain in Olmsted Township. Ironically, such a tie-in thus requires access to land in appellants' jurisdiction.
In my view, the factual and legal situations presented in this case mirror the ones presented in Middletown; Smith does not provide an entirely appropriate analytical framework. Based upon the record of this case, the Board's decision clearly was unreasonable and unlawful.
Therefore, I believe appellants' assignment of error should be sustained.
I would reverse the order of the trial court and enter judgment for appellants.